# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 2:02CR10109-001 |
| v. ) | **OPINION AND ORDER** |
| ) | |
| STEVE ALLEN JOHNSON, ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Brian J. Beck, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

Steve Allen Johnson, previously sentenced by this court following conviction of illegal possession of a firearm, has filed a motion under 28 U.S.C. § 2255, contending that his enhanced sentence under the provisions of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was invalid. For the reasons that follow, I will deny the motion.

I.

Johnson entered a guilty plea pursuant to a written Plea Agreement to an Indictment charging him with possession of a firearm after having been convicted of a felony and while being an unlawful user of a controlled substance, in violation of 18 U.S.C. § 922(g)(1), (3). Prior to his sentencing, a probation officer prepared a Presentence Investigation Report ("PSR") recommending that Johnson receive an

enhanced sentence under the provisions of the Armed Career Criminal Act, 18 U.S.C. § 924(e), based upon his prior Tennessee burglary convictions. On April 2, 2003, Johnson was sentenced by this court under the ACCA to the statutory mandatory minimum fifteen years imprisonment, to be followed by three years of supervised release.[1] There was no appeal. Johnson completed his sentence of imprisonment on March 1, 2016, and is now serving his three-year term of supervision.

Following the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), the court appointed the Federal Public Defender for this district to represent Johnson in connection with a possible § 2255 motion. On October 29, 2015, the Federal Public Defender filed a § 2255 motion, contending that Johnson's ACCA sentence was invalid.[2] In response, the United States moved to dismiss.

---

[1] Johnson could have been sentenced to up to five years of supervision under the ACCA. *See United States v. Randall*, No. 16-11753, 2016 WL 7118367, at *1 (11th Cir. Dec. 7, 2016) (unpublished) (noting that a successful challenge to ACCA enhancement reduces the underlying conviction from a Class A felony to a Class C felony).

[2] Because Johnson has fully served his sentence of imprisonment, and his three-year term of supervision does not exceed the statutory limit even if his ACCA sentence were found be to be invalid, *see* 18 U.S.C. §§ 3559(a)(3), 3583(b)(2), a question arises as to any possible relief available under § 2255 in his case. It is theoretically possible, of course, that upon resentencing, the court might impose less than three years of supervision, although that is highly unlikely in view of Johnson's past criminal record. In addition, counsel for Johnson contends that if Johnson's prior sentence were found to be invalid and he was resentenced, the over served or "banked" amount of prison time would be credited to any prison time imposed if Johnson ever violates a condition of his

The issues have been fully briefed and orally argued and are ripe for decision.

## II.

The ACCA provides for a mandatory minimum sentence of fifteen years for defendants convicted under 18 U.S.C. § 922(g) if they have "three previous convictions by any court . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). Prior to *Johnson*, the term "violent felony" was defined as

> any crime punishable by imprisonment for a term exceeding one year . . . that —
> 
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> 
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

---

supervised release, relying on 18 U.S.C. § 3585(b)(1) (providing that a defendant shall be given credit for time spent in "official detention" prior to sentencing as a result of the crime for which the sentence was imposed). Some courts have sought to prevent such a result by not conducting a de novo resentencing, but merely entering an amended judgment reducing the sentence to time served. *See United States v. Lee*, Cr. No. 12-00133JMS(02), Civ. No. 16-00070 JMS-KJM, 2016 WL 4179292, at *2 (D. Haw. Aug. 4, 2016). In any event, I do not find that Johnson's motion is moot. *See United States v. Whitmire*, No. 16-6369, 2016 WL 5389295, at *1 (4th Cir. Sept. 27, 2016) (unpublished) (remanding § 2255 motion on the ground that "it is not reasonably certain from the record that adverse collateral consequences will not flow from [defendant's] designation as an armed career criminal").

18 U.S.C. § 924(e)(2)(B). The first clause is referred to as the "force clause." The first portion of the second clause, which includes the crime of burglary, is known as the "enumerated crime clause." The second portion of that clause ("or otherwise involves conduct that presents a serious potential risk of physical injury to another") is called the "residual clause" and was found to be unconstitutionally vague in *Johnson*. The force and enumerated crime clauses were untouched by *Johnson*.

In *Taylor v. United States*, 495 U.S. 575, 598 (1990), the Supreme Court held that the word "burglary" as used in the ACCA meant a felony crime that had the elements of "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." This generic definition, the Court noted, excluded various state crimes that were called burglaries, but involved a place other than a building or structure, such as an automobile, or a "'booth or tent, or any boat or vessel, or railroad car.'" *Id.* at 599 (quoting Missouri burglary statute, Mo. Rev. Stat. § 560.070 (1969) (repealed)).

The United States has moved to dismiss Johnson's § 2255 motion, contending that "*Johnson v. United States* is not a springboard from which to launch a reconsideration of every Armed Career Criminal determination." (United States' Mot. to Dismiss 3, ECF No. 28.) Accordingly, it contends that Johnson's motion is barred by the applicable statute of limitations, because it was not filed

-4-

within one year of the date his conviction became final. *See* 28 U.S.C. § 2255(f)(1). In response, Johnson contends that the record shows that Johnson's burglary convictions were "based at least in part on the now vacated residual clause" (Resp. in Opp'n 3, ECF No. 29), and thus his motion was timely filed within one year of the *Johnson* decision. *See* 28 U.S.C. § 2255(f)(3). In addition, Johnson asserts that he has been prejudiced by the use of the residual clause, because his Tennessee burglary convictions are invalid ACCA predicates under the enumerated crime clause.

It is not necessary for me to resolve the government's statute of limitations defense, because I agree with its alternative argument that the Tennessee burglary statutes under which Johnson was convicted do in fact correspond to a generic burglary under *Taylor* when examined using the charging documents approved in *Shepard v. United States*, 544 U.S. 13, 26 (2005).

### III.

Johnson was convicted of four charges of burglary in Tennessee. On May 12, 1980, he unlawfully entered the Hancock County High School and was convicted of third degree burglary for that crime. He was sentenced to three to five years imprisonment on May 4, 1981. (PSR ¶ 28.) On September 17, 1982, he unlawfully entered the Hancock County Farmers Co-Op and was convicted of third degree burglary and was sentenced to five years custody. (PSR ¶ 30.) On July 28,

1985, he unlawfully entered a church and a private residence and was convicted of one count of third degree burglary and one count of first degree burglary. He was sentenced to three years in prison for the third degree burglary and five years for the first degree burglary. (PSR ¶ 31.)[3]

Johnson's argument is directed as to his third degree burglary convictions. The pre-1989 Tennessee burglary statutes defined third-degree burglary as "the breaking and entering into a business house, outhouse, or any other house of another, other than dwelling house, with the intent to commit a felony." Tenn. Code Ann. § 39-904 (1975 Repl. Vol.); Tenn. Code Ann. § 39-3-404(a)(1) (1982 Repl. Vol.); *United States v. Taylor*, 800 F.3d 701, 719 n.8 (6th Cir. 2015). There is no disagreement that this definition conforms to that of the ACCA's generic burglary. But the same statutes also defined other crimes, in separate paragraphs, with separate penalties, as third-degree burglary. The structure of the statutes renders them divisible, allowing application of the modified categorical approach and consideration of *Shepard*-approved documents. *Mathis v. United States*, 136 S. Ct. 2243, 2256-57 (2016). One of the separate crimes delineated in the statutes

---

[3] Johnson had been convicted of numerous other crimes, including the burglary of the State Line Grocery in Lee County, Virginia, that occurred on July 16, 2002. I have previously held that conviction of a Virginia burglary does not constitute a predicate under the enumerated crime clause of the ACCA because the Virginia burglary statute is broader than the generic burglary of the enumerated crime clause and because the statute is not divisible, meaning that it lists "multiple, alternative means of satisfying one (or more) of its elements." *United States v. Gambill*, No. 1:10CR00013, 2016 WL 5865057, at *3 (W.D. Va. Oct. 7, 2016) (quoting *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016)), *appeal docketed,* No. 16-7553 (4th Cir. Nov. 7, 2016)).

is safe-cracking, defined as when "any person who, with intent to commit crime, breaks and enters, either by day or by night, any building, whether inhabited or not, and opens or attempts to open any vault, safe, or other secure place by any means . . . ." Tenn. Code Ann. § 39-904 (1975 Repl. Vol.); Tenn. Code Ann. § 39-3-404(b)(1) (1982 Repl. Vol.)

Johnson's argument in this case is that the state burglary indictments, made part of the record in this case, do not expressly disavow the possibility that Johnson was charged with the separate, non-generic, safe cracking crime. I disagree.

The Indictment for the 1980 third degree burglary committed by Johnson charged him with unlawfully breaking and entering "into the school house of Hancock County" and stealing "[h]amburger meat, hams, bread, and pineapple juice." (ECF No. 23-3, p. 6.) The 1982 third degree burglary was described in the Indictment as unlawfully breaking and entering "the business house of Hancock County Farmers CO-OP" and stealing "kerosene heaters, air compressor, hand tools." (ECF No. 23-2, p. 10.) The 1985 third degree burglary Indictment charged that Johnson unlawfully broke and entered "Duck Creek Church" and stole "a [c]assette [r]ecorder." (ECF No. 23-1, p. 8.) No mention is made in any of the indictments of any vault, safe, or other secure place.

I am instructed by the court of appeals that in considering *Shepard*-approved documents under the so-called modified categorical approach, I must interpret

-7-

them using common sense, and should not "wear blinders" or "cast logic aside merely because a defendant conjures up a speculative possibility." *United States v. Foster*, 662 F.3d 291, 296 (4th Cir. 2011) (internal quotation marks, alterations, and citation omitted), *reh'g en banc denied,* 674 F.3d 391 (4th Cir. 2012). "Rather, the ACCA is part of the real world, and courts should not refuse to apply it because of divorced-from-reality, law-school-professor-type hypotheticals that bear no resemblance to what actually goes on." *Id.* (internal quotation marks, alterations, and citations omitted).

The indictments here clearly charge the unlawful entry into a building or structure — a public school, the county farmers co-op, and a church. The items stolen by the intruder are not items normally kept in safes or vaults and are "classic indicia" that they were located in a building or structure. *Id.* at 295 n.7. "In the land of Oz, I suppose there may be two or more ways to interpret the clear facts set forth in the *Shepard*-approved documents. On this side of the rainbow, however, the [places charged] are buildings and structures." *Foster*, 674 F.3d at 393 (Wilkinson, J., concurring in denial of rehearing en banc).

IV.

For the reasons stated, the United States' Motion to Dismiss in Response to Petitioner's Motion for Relief Pursuant to Title 28, United States Code, Section 2255 (ECF No. 28) is GRANTED and the defendant's Emergency Motion to

Vacate Sentence and for Other Relief Under 28 U.S.C. § 2255 and *Johnson v. United States*, 135 S. Ct. 2551 (2015) (ECF No. 23) is DENIED.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). After reviewing the claims presented in light of the applicable standard, I find that a certificate of appealability is not warranted and it is DENIED.

It is so **ORDERED**.

ENTER: December 29, 2016

/s/ James P. Jones
United States District Judge

-9-

Case 2:02-cr-10109-JPJ-RSB   Document 48   Filed 12/29/16   Page 9 of 9   Pageid#: 166